IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EARL HARRIS,

                    Petitioner,

      v.                                    CASE NO. 07-3210-SAC

STATE OF KANSAS, et al.,

                    Respondents.

**O R D E R**

This matter is before the court on a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. The court has considered petitioner's limited financial resources, and grants petitioner leave to proceed in this matter under 28 U.S.C. § 1915, without prepayment of the district court filing fee.

Petitioner alleges constitutional error in his 1996 state court conviction on two counts of rape. Having reviewed the record, the court finds the petition is subject to being dismissed as time barred.

The Antiterrorism and Effective Death Penalty Act enacted in 1996 imposed a one year limitation period on habeas corpus petitions filed by prisoners confined pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The running of this one year limitation period is subject to tolling if the petitioner pursues state post-conviction relief or other collateral review. *See* 28 U.S.C. 2244(d)(2)(running of limitations period is tolled while properly filed state post-conviction proceeding and appeal therefrom is pending).

In the present case, the Kansas Court of Appeals affirmed petitioner's conviction on August 28, 1998, and the Kansas Supreme Court denied further review on November 10, 1998. Petitioner's conviction thus became final 90 days later when the time for seeking review by the United States Supreme Court expired,[1] and the one year limitations period began running. *See* 28 U.S.C. § 2244(d)(1)(A)(one year limitation period applicable to habeas petitions filed by a person in custody pursuant to a state court judgment runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Petitioner had one year to file a petition in federal court on fully exhausted grounds, or to toll the running of the limitations period by a properly filed post-conviction in the state courts.

Petitioner did neither until August 2001 when he filed a motion in the state court for post-conviction relief under K.S.A. 60-1507. Although petitioner filed the instant matter within one year of the date the denial of relief on his motion became final, that state post-conviction proceeding had no tolling effect on the one year limitation period that had already expired in February 1999. *See* Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001)(application for post-conviction relief filed after expiration of one-year limitations period has no tolling effect), *cert. denied*, 535 U.S. 1034 (2002).

The record thus makes clear that petitioner did not file the instant habeas application within the one year period provided under

---

[1]*See* 28 U.S.C. § 2101 and Rule 13 of the Rules of the Supreme Court of United States.

28 U.S.C. § 2244(d)(1) and (2), and no "rare and exceptional" circumstances are apparent that would warrant equitable tolling of the limitation period in this case.[2]  *See* <u>Garcia v. Shanks</u>, 351 F.3d 468, 473 n. 2 (10th Cir. 2003)(equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.")(internal quotations omitted).

Accordingly, the court directs petitioner to show cause why the petition should not be dismissed as time barred.  *See* <u>Day v. McDonough</u>, 547 U.S. 198, 209-11 (2006)(district courts are permitted to sua sponte consider the timeliness of a state prisoner's habeas petition, but must accord the petitioner fair notice and an opportunity to present his position).

IT IS THEREFORE ORDERED that petitioner is granted leave to proceed in forma pauperis in this habeas action.

---

[2] Petitioner documents a letter from the state Appellate Defender Office in support of his statement that the petition is timely filed because he is filing just under a year from the denial of his state post-conviction motion.  Petitioner's reading of this letter is flawed, as the letter correctly identifies the statutory limitation period as beginning to run upon petitioner's conviction becoming final upon expiration of petitioner's direct appeal.  The letter fails to note, however, that the statutory limitations period had expired prior to petitioner's filing of his post-conviction motion for collateral review of petitioner's conviction.

Although sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period, <u>Woodward v. Williams</u>, 263 F.3d 1135, 1142-43 (10th Cir. 2001), no such showing is evident here.  Moreover, because the one year limitations period began running in February 1999 in this case pursuant to 28 U.S.C. § 2244(d)(1)(A) and expired prior to petitioner's filing of his post-conviction motion in state court, petitioner cannot point to reliance on attorney error or misdirection at the conclusion of that collateral proceeding as the reason why petitioner did not file his federal petition, or toll the limitations period by seeking post-conviction relief in the state courts, within one year from February 1999.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed as time barred.

**IT IS SO ORDERED.**

DATED:  This 18th day of September 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge