IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**EARL HARRIS,**

                              **Petitioner,**

            **v.**                                          **CASE NO. 07-3210-SAC**

**STATE OF KANSAS, et al.,**

                              **Respondents.**


**O R D E R**

Petitioner proceeds pro se and in forma pauperis on a petition for writ of habeas corpus under 28 U.S.C. § 2254, alleging constitutional error in his 1996 state court conviction on two counts of rape. The court reviewed the record and directed petitioner to show cause why the petition should not be dismissed as untimely filed within the limitations period imposed by 28 U.S.C. § 2244(d)(1).

In response, petitioner acknowledges his petition is untimely filed,[1] but contends he is entitled to equitable tolling of the limitations period under the circumstances. The court disagrees.

Equitable tolling is appropriate only "when an inmate

---

[1] The Kansas Court of Appeals affirmed petitioner's conviction on August 28, 1998, and the Kansas Supreme Court denied further review on November 10, 1998. Petitioner's conviction thus became final 90 days later when the time for seeking review by the United States Supreme Court expired, and petitioner had one year to file a petition in federal court on fully exhausted grounds, or to toll the running of the limitations period by a properly filed post-conviction in the state courts. 28 U.S.C. § 2244(d)(1) and (2). Petitioner did neither until August 2001 when he filed a motion in the state court for post-conviction relief under K.S.A. 60-1507.

diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000)). Equitable tolling of the one-year limitations period is limited to "rare and exceptional" circumstances, such as "when a prisoner is actually innocent, when an adversary's conduct - or other uncontrollable circumstances - prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." Burger v. Scott, 317 F.3d 1133, 1141 (10th Cir. 2003).

Here, petitioner maintains his ability to timely file a petition was impaired by the state courts not making relevant records available to him after his conviction became final in 1998, but he does not explain how this prevented him from filing a post-conviction motion until 2001. Petitioner also claims prison officials did not provide adequate legal resources after he was incarcerated, however it is recognized that a bare claim "of insufficient access to relevant law ... is not enough to support equitable tolling." Gibson, 232 F.3d at 808.

Finding no showing of extraordinary circumstances beyond petitioner's control that hindered him from tolling the running of the federal limitations period by filing a post-conviction motion in the state courts prior to expiration of that limitations period, the court denies petitioner's request for equitable tolling of the limitations period in 28 U.S.C. § 2244(d)(1), and concludes the application for a writ of habeas corpus under 28 U.S.C. § 2254 is time barred.

IT IS THEREFORE ORDERED that the petition for writ of habeas

corpus is dismissed as time barred.

**IT IS SO ORDERED.**

DATED:  This 21st day of November 2007 at Topeka, Kansas.


                                         s/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge

3